UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MARTIZE SEVION,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0019 AS |
| | ) | |
| **MARK LEVENHAGEN, and** | ) | |
| **BILL WILSON,** | ) | |
| | ) | |
| Respondents | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about January 9, 2006, *pro se* petitioner, Martize J. Sevion, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254.  The Response filed on behalf of the respondent by the Attorney General of Indiana on June 2, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

A good starting point here is the unpublished memorandum decision of the Court of Appeals of Indiana entered June 5, 2005, authored by Judge Bailey and concurred in by Judges Baker and Mathias.  For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein.  The state trial court involved here was the Delaware Circuit Court in Muncie, Indiana where a conviction was had for robbery, conspiracy to commit robbery and carrying a handgun without a license. According to the papers filed, the sentence is for 17 years and this petitioner may hopefully

look for a release in December 2007.

Certainly the decision of the Court of Appeals of Indiana is entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. Importantly, the Supreme Court of Indiana denied transfer on the aforesaid opinion by the Court of Appeals of Indiana on August 23, 2001. Thereafter, the petitioner returned to the state trial court and filed for post-conviction relief which was later withdrawn. Thereafter, the petitioner went after post-conviction relief in the state trial court again and that was denied on or about July 9, 2003. The Court of Appeals of Indiana dismissed the attempted appeal for failure to prosecute it on June 25, 2004.

This petitioner is certainly entitled to any benefit under *Houston v. Lack,* 487 U.S. 266 (1988). There is a question raised here by the Attorney General of Indiana under 28 U.S.C. §2244(b)(1) regarding the one-year statute of limitations. *See, for example, Artuz v. Bennett*, 531 U.S. 4 (2000). The Attorney General of Indiana states that this habeas corpus petition invoking 28 U.S.C. §2254 was filed on October 31, 2005, and is therefore untimely. The Attorney General of Indiana states that this petitioner's conviction was final on November 21, 2001, which was the expiration of the time to seek a writ of certiorari to the Supreme Court of the United States. *See Griffith v. Kentucky*, 479 U.S. 314 (1987). According to the Attorney General, this petitioner had until November 22, 2002 in which to file this petition under 28 U.S.C. §2244(d)(2). *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002). Giving this

2

petitioner the full benefit of *Houston*, this petition simply is not timely.

The petitioner's second petition for post-conviction relief ceased to be pending when the Indiana Court of Appeals dismissed his appeal on June 25, 2004. The petitioner had accumulated another 563 days of delay before he filed his §2254 petition here, and according to the Attorney General of Indiana, the total delay was 918 days.

For all of these reasons, the petition must be **DISMISSED WITH PREJUDICE**. **IT IS SO ORDERED**.

DATED:  August 30, 2006

                      **S/ ALLEN SHARP**
                      **ALLEN SHARP, JUDGE**
                      **UNITED STATES DISTRICT COURT**